MONSERRATE, APPELLANT, v. REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage.

No. 567.—Decided April 24, 1923.

RECORD OF TITLE—MORTGAGE—MENTION.—Mention being made in the record of the sale of a property of a mortgage previously created by the owner and vendor, it being also stated that the vendee retained the necessary amount to pay the mortgage when it became due, the mortgage may be recorded in the registry notwithstanding the provisions of article 17 of the Mortgage Law, in accordance with article 29 thereof.

ID.—WITNESSES—QUALIFICATION OF WITNESSES.—Failure to state in a deed that the instrumental witnesses are not disqualified for any of the reasons given in subdivision 2 of section 20 of the Notarial Law is not a defect.

The facts are stated in the opinion.

*Mr. M. M. Morales* for the appellant.

The respondent did not appear.

Mr. Chief Justice Del Toro delivered the opinion of the court.

A certain mortgage deed was presented in the Registry of Property of Guayama and the registrar refused to admit it to record. His decision reads in part as follows:

"First.—Because the mortgaged property is recorded in the name of Diego Torres González, a person distinct from the mortgagor. Second.—Although in the record of sale in favor of Diego Torres González mention is made of a mortgage credit of $350 in favor of Hipólito Monserrate, it does not appear that it is the same credit which is sought to be recorded, for it is not clearly identified. Third.—Even if it had been identified, it can not be recorded under the jurisprudence established in the case of Bello et al. v. Registrar of Arecibo, 31 P. R. R. 112, because that was a case of a mortgage to secure deferred payment of the purchase price while in the present case the mortgage was created to secure a debt acknowledged before the property was sold to a third person. A cautionary notice is entered * * *, assigning the curable defect that it was not made to appear whether the witnesses were disqualified under subdivision 2 of section 20 of the Notarial Law."

The mortgagee appealed to this court and filed a brief containing the assignments of error and the grounds of each assignment. The action of the appellant's attorney in this case is an example of the efficient aid that counsel can give to this court for the prompt dispatch of cases submitted.

On November 5, 1921, Eudosio Torres, the owner of a certain urban property in Cayey, mortgaged it to Hipólito Monserrate to secure the payment of the sum of $350.

On March 30, 1922, the said Eudosio Torres sold his property to Diego Torres and in the deed of sale it was stated that "this property is encumbered by a mortgage for the sum of $350 in favor of Hipólito Monserrate" and also that "the price of this sale is $1,500, of which the vendee retains $350 for the payment of the said mortgage in favor of Hipólito Monserrate."

The contract of purchase and sale executed in the manner indicated was recorded in the Registry of Property of Guayama on June 13, 1922, and the mortgage having been presented on September 11, 1922, the registrar refused to record it for the reasons already given.

It appears, therefore, sufficiently clear in our opinion that the mortgage was one and the same and that being the case, we think that the registrar's opinion is erroneous.

It is true that article 17 of the Mortgage Law provides that "After any deed conveying the ownership or the possession of real property or of property rights therein shall have been recorded, or a cautionary notice thereof entered, no other deed of the same or a prior date conveying or encumbering the ownership of the same real property or property right can be recorded or entered," but it is also true that article 29 provides that "Ownership or any other property right expressly mentioned in records or cautionary notices, although not appearing in the registry as a separate and special record, shall be effective against third persons from the date of the entry made upon presentation of the instrument. The provisions of the foregoing paragraph shall be understood without prejudice to the obligation of specially recording such interests  *  *  * ."

Commenting on these statutes Galindo and Escosura say:

"Besides, considering the substance of the language of article 17, an exception may be made of the record of mortgages or annuities created and not recorded before the deed conveying the ownership of the property encumbered by them is recorded, if mention is made of the said encumbrances in the deed.

"If article 17 is to be taken literally, then such mortgages or annuities can not be recorded although they may have been mentioned in the record of the deed conveying the ownership; but taking into account that the grantor, acting in good faith, mentioned the existence of the mortgage or the annuity, and that the registrar, in compliance with article 29 of the law, made mention of such encumbrances, including them in the corresponding paragraph of

the record, we think that if after such record is made the mortgagee or the annuity creditor should ask for the record of their rights, it would be proper to grant their petition notwithstanding the fact that such mortgage or annuity was of a date prior to that of the deed recorded. The purpose of article 17 is to prevent the person who recorded his deed at the proper time from being prejudiced, but in the illustration there is no prejudice, because in accordance with article 29 of the law ownership or other property rights expressly mentioned in records shall be effective against third persons, and still more obviously against those who were parties to the act or contract recorded; though this should not be understood to imply an exemption from the obligation of specially recording such rights, and therefore, the creditor should not be prevented from recording them at his will. (See decision of July 27, 1899.)'' 1 Galindo, Mortgage Law, 652.

This Supreme Court has held in the case of *Fajardo Sugar Growers' Association* v. *Registrar*, 25 P. R. R. 339, that ''Article 17 of the Mortgage Law prohibits the admission to record of titles transferring ownership or creating encumbrances where there is a subsequent record in favor of another person; but if the person in whose favor the record is made is not a third person, that article is not applicable.'' And in the case of *Bello et al.*, v. *Registrar, ante,* p. 112, this court held that ''Mention having been made in the record of the sale of a property of a mortgage which the grantee created in favor of the grantor to secure the deferred part of the price, the mortgage should be recorded although the property may have been again transferred and may appear already recorded in the name of the new grantee.''

Nor do we find the curable defect assigned by the registrar. The law does not require the statement that the registrar finds missing. That question was settled by this court in 1916, as follows:

''As to the curable defect of failure to state the ages of the witnesses in the instrument, although section 13 of the notarial act

provides that no public instrument, save those provided for in special cases,—that is, those provided for in section 22 relating to wills and other *mortis causa* dispositions,—shall be authenticated unless executed in the presence of two witnesses, and that persons who do not know how to sign, relatives, clerks or servants of the certifying notary, and relatives of the parties in interest, within the fourth degree of consanguinity or second degree of affinity, shall not be admitted as such witnesses, section 10 requires only that their names and residences shall be set forth, and there is no provision of law which requires that their capacity shall be made to appear; therefore the lack of this detail does not constitute a defect. Decisions of the Directorate of Registries of Spain of October 23 and December 5, 1903; February 5 and July 20, 1904.'' *M. Grau & Sons* v. *Registrar of San Germán*, 23 P. R. R. 352, 356.

By reason of the foregoing the decision appealed from must be

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.